UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGELIO FARQUHARSON,

    *Plaintiff,*

v.

NATIONAL CREDIT ADJUSTERS, LLC

    *Defendant.*

Case Number: 8:14-cv-02102-SDM-MPA

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S BONA FIDE ERROR DEFENSE

**COMES NOW,** the Plaintiff, ROGELIO FARQUHARSON, by and through his attorneys, Seraph Legal, P.A., and pursuant to Fed.R.Civ.P. 12(f), moves this court to strike the Defendant's, NATIONAL CREDIT ADJUSTERS, LLC, "bona fide error" defense for legal insufficiency due to the Defendant's failure to plead this affirmative defense with particularity.

### I.    FACTUAL BASIS

Mr. Farquharson brought suit against Defendant National Credit Adjusters, LLC ("**NCA**") in July 2014 in Hillsborough County Small Claims Court for violation of the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. 1692 *et. seq*. and the Florida Consumer Collection Practices Act ("**FCCPA**"), Fla. Stat. 559.52 *et. seq*. NCA subsequently removed the case to Federal District Court and filed an Answer and Affirmative Defenses to the Complaint.

Included in NCA's affirmative defenses is a "bona fide error" defense, which is little more than a vague recitation of § 1692k(c) of the FDCPA. NCA's Third Affirmative Defense states in its entirety:

> Defendants assert, without admitting any liability whatsoever, that any violation of federal and/or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors.

NCA has provided no facts in support of this "bona fide error" defense.

## II.    LEGAL ARGUMENT

### A.    NCA failed to plead its "bona fide error" defense with the particularity required by Fed.R.Civ.P. 9(b).

It is well-established that affirmative defenses must be pled with at least some level of particularity to support a legal basis for making the defense. Where such particularity does not exist, the defense must be stricken. "A claim of bona fide error is tantamount to a claim of mistake and therefore, the Defendant must plead this defense with the particularity required by Rule 9(b)." Wiebe v. Zakheim & Lavrar, P.A., No. 6:12-CV-1200-ORL-18, 2012 WL 5382181, at *2 (M.D. Fla. Nov. 1, 2012); see also Bradshaw v. Hilco Receivables, LLC, 725 F. Supp. 2d 532, 537 (D. Md. 2010) ("In paragraph 51 of its Answer, Hilco cites the 'bona fide error' defense. . . . Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under Fed. R. Civ. P. 9(b)").

To satisfy the requirements of Rule 9(b), a Defendant must include the "who, what, when, where and how: the first paragraph of any newspaper story.'" Wiebe, 2012 WL5382181 at *2, citing General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997). "If an affirmative defense consists of nothing more than bare-bone allegations, it must be stricken." Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc., No. 808-CV-1048-T-24EAJ, 2008 WL 3927265 at *4 (M.D. Fla. Aug. 21, 2008); see also Cano v. S. Florida Donuts, Inc., No. 09-81248-CIV-RYSKAMP, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). As stated above, NCA's Third Affirmative Defense states only, "Defendants assert, without

admitting any liability whatsoever, that any violation of federal and/or state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors." NCA has provided no details to support its "bona fide error" defense and fails to describe what "reasonable procedures" it employs to prevent injury to consumers. In fact, NCA has done nothing than made a baseless assertion that it is entitled to the defense. As such, NCA's "bona fide error" defense is legally insufficient and must be stricken.

**B. NCA's "bona fide error" defense fails to comply with the pleading requirements of Fed.R.Civ.P. 8(a).**

Likewise, a defendant must allege facts to support an affirmative defense. "Affirmative defenses are subject to the general pleading requirements of Fed.R.Civ.P. 8(a) that requires 'a short and plain statement' of the asserted defense." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002); Cano, 2010 WL 326052 at *1; Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007). NCA's third affirmative defense is little more than a simple recitation of the text found at section 1692k(c) of the FDCPA. See 15 U.S.C. §1692k(c).

NCA fails to set forth in its Answer and Affirmative Defenses to Mr. Farquharson's complaint *any* facts upon which its "bona fide error" affirmative defense might rest. Under nearly identical circumstances, courts have stricken defendants' "bona fide error" defenses. See Bradshaw, 725 F. Supp. at 537 ("Paragraph 51 of Hilco's Answer must be stricken…In support of this affirmative defense, Hilco has merely copied the language of § 1692k(c), and has not plead facts that would give Bradshaw sufficient notice of specific mistake that Hilco is referencing."); see also Racick v. Dominion Law Assocs., 270 F.R.D. 228, 235 (E.D.N.C. 2010) (striking the defendants' "bona fide error" defense where they "essentially copied the language

in 15 U.S.C. § 1692k(c), but have not provided any notice of the specific error upon which it relies to assert the defense"); <u>Godson v. Eltman, Eltman & Cooper, P.C.</u>, 285 F.R.D. 255, 259 (W.D.N.Y. 2012) (bona fide error defense stricken where "there [was] no indication whatsoever of what that error might be" and it was not "warranted by any asserted facts"); <u>Perez v. Gordon & WongLaw Group., P.C.</u>, No. 11-CV-03323-LHK, 2012 WL 1029425, at *10-11 (N.D. Cal. Mar. 26, 2012) (bona fide error defense stricken where defendants failed to identify in their answer "any actual procedures reasonably employed to prevent the alleged FDCPA and RFDCPA violations"). Similarly, because NCA's "bona fide error" defense is a bare-bones recitation of FDCPA § 1692k(c), the "bona fide error" defense is legally insufficient and should be stricken.

### III. <u>CONCLUSION</u>

NCA failed to plead its "bona fide error" defense with the particularity required by Rule 9(b) and the particularity set forth in the pleading requirements of Rule 8(a), and therefore, the Defendant's Third Affirmative Defense is legally insufficient. As such the Court should strike Defendant's Third Affirmative Defense and award the costs of this motion to the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court strike NCA's Third Affirmative Defense, awarding the costs of this motion to the Plaintiff.

Respectfully submitted this 7th day of October 2014, by:

<u>/s/ Christina M. Cowart</u>
Christina Cowart
Florida Bar # 27644
Seraph Legal, P.A.
2002 E. 5th Avenue, Suite 104
Tampa, FL 33605
(813) 567-1230
ccowart@seraphlegal.com
Attorney for Rogelio Farquharson